﻿Citation Nr: 18115445
Decision Date: 07/02/18 Archive Date: 07/02/18

DOCKET NO. 18-21 801
DATE: July 2, 2018
REMANDED
Entitlement to service connection for a prostate condition is remanded.
REASONS FOR REMAND
The Veteran served on active duty from June 1956 to February 1964.
The Veteran has been diagnosed with a prostate condition. The Veteran stated that while stationed at Camp Lejeune, he was exposed to contaminated water and as a result, he developed the prostate condition. In its decision, the Agency of Original Jurisdiction (AOJ) conceded the Veteran’s exposure to contaminated water while stationed on Marine Corps Base Camp Lejeune. The Board notes that the Veteran has not been afforded a VA examination to determine the nature and etiology of his prostate condition. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). Therefore, on remand, a VA examination should be conducted to determine whether the Veteran’s prostate condition is related to his military service, to include exposure to contaminated water at Camp Lejeune.
The matter is REMANDED for the following action:
1. Obtain and associate with the claims file any updated relevant VA treatment records not already of record.
2. Contact the Veteran and request that he identify all private providers who have treated him for his prostate condition, to include records from his emergency room visits. After obtaining authorization, obtain all outstanding, non-duplicative records. If the records are unavailable, document the claims file and notify the Veteran in accordance with 38 C.F.R. § 3.159(e).
3. Schedule the Veteran for a VA examination to determine the nature and etiology of his prostate condition. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The opinion must include a notation that this record review took place. 
The examiner is asked to address the following:
Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s prostate condition, began during active service, within one year of service separation, or is related to any incident of service, to include exposure to contaminated water at Camp Lejeune.
The examiner should provide a complete rationale for any opinions expressed. 

4. Then, readjudicate the Veteran’s claim. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case (SSOC). An appropriate period of time should be allowed for response.

 
MICHAEL LANE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD T. Henry, Associate Counsel